LYONS JUDGE:
These two claims, arising out of the same accident, were consolidated for hearing pursuant to the agreement of counsel. The claims arise out of an automobile accident which took place on Route 52/6 or Nemours Road, Mercer County, on or about March 20, 1983. The decedents were riding in a 1972 Ford Mustang and were proceeding in a westerly direction. David Allison was the driver of the vehicle. He was accompanied by Billy Ray Charles. The vehicle left the travelled portion of a bridge and went into the Bluestone Creek. Both suffered death by drowning as a result of the accident. James Charles and Ben Allison, as administrators of their sons' respective estates, seek damages in the amount of $100,000.00 for each estate.
There is a narrow one-lane bridge at the location of the accident. The vehicle with the bodies of the boys was found in Bluestone Creek. The claimants allege negligence on the part of the respondent due to lack of warning and/or speed limit signs, lack of siding on the bridge other than wooden railings, lack of maintenance of the road at this site, and the failure of respondent to maintain the bridge and pavement
of the road at the same width which caused a dropoff on either side of the bridge. It is not certain at what time the accident occurred. There are no known witnesses to the accident.
On the morning of March 20, 1984, between 7:00 and 7:30 a.m., Charley W. Schultz, who has lived in Nemours for over twenty years, testified that he heard a thump from the direction of the Bluestone Creek. Upon investigation, he discovered the 1972 Ford Mustang on its roof in the water of the creek. He assumed that the vehicle had gone off the right side of the bridge over a two by six foot railing along the side of the bridge. He observed fresh scarring on the wooden railing. He estimated the length of the bridge to be between 25 and 30 feet. He testified that there have never been any signs warning of the existence of the one-lane bridge at the location in question. He further stated that there have never been any speed limit signs at the bridge approach. *124 There was a hole in the road at the approach to the bridge on the day of this accident.
Trooper Estill Adams received a report on March 20, 1983 that a vehicle had gone off the bridge at Nemours into the Bluestone Creek below the Nemours Dam. He stated that there were several gouge marks starting a few feet onto the bridge. The highway pavement is narrower than the bridge. In reference to a pothole at the entrance to the bridge. Trooper Adams does not remember anything large. He stated that in the three years during which he had worked at the Princeton Detachment of the Department of Public Safety, no vehicles had run off this bridge except as the result of mechanical defects.
Claimant James Charles went to the scene of the accident on March 21, 1983. He testified that the road is narrower than the bridge. He stated that there were no signs on the road previous to the bridge. He observed a hole about eight or nine feet from the bridge in the road.
John Edward Charles accompanied his father, James Charles. He testified that he also observed the hole in the road.
Claimant Ben Allison visited the scene of the accident on March 24, 1983. He testified that he observed a hole, but he did not observe any warning signs.
Dr. Russell Rex Haynes, an engineer and accident reconstruction expert, visited the accident site on November 16, 1984. He also went to Lambert's Salvage Yard and located the Allison vehicle. The vehicle was stacked on the bottom of a stack of three vehicles. He removed the tie rod and the ball point stud from the 1972 Ford Mustang. Dr. Haynes gave lengthy testimony pertaining to his opinion as to the reason why the vehicle went over the bridge. He concluded that there was not a defect in the Allison vehicle. After employing professional methods of accident reconstruction, Dr. Haynes determined that either impact with a pothole at least two feet in diameter and 12 inches deep, or, alternately, impact with the east end of the bridge at the northeast corner where the pavement is short of the bridge caused the damage to the Allison vehicle.
Mr. Lawrence R. Hazelwood, a maintenance foreman with respondent, stated that he was familiar with Route 52/6 in the vicinity of Nemours. He was involved with a complete overlay paving of the road in 1980. He stated that there was no evidence of potholes or pothole patching in the vicinity of the bridge. He did not recall any complaints made prior to March., 1983 concerning the bridge.
Robert Ralph Hudson, Jr., Chief Bridge Inspector for respondent, testified that,he inspected the bridge in question in March of 1982 and that he observed no structural defects.
Richard W. Boyd, District III Branch Engineer with respondent, testified that he did not remember any specific complaints prior to March 1983 regarding the bridge in question. He also stated that there are no guardrails on the bridge because "Basically because it is essentially a one-lane structure and if guardrails were placed on it *125 you'd essentially have a problem with any type of over-width vehicles crossing the structure because of the narrow roadway width of 11 feet 6 inches."
Claimants have not established that the alleged road conditions were the proximate cause for the vehicle in which the decedents were travelling to leave the bridge. The bridge in this claim is typical of many bridges constructed on roads which are not main thoroughfares in West Virginia. For this Court to find negligence on the part of respondent, the Court would be engaging in pure speculation. There were no eyewitnesses to the accident. It has not been determined what factors caused this accident. The Court will not make an award based upon speculation. See Eller vs. Dept. of Highways, 13 ct.cl. 402 (1981). For these reasons, the Court is of the opinion to, and does, deny these claims.
Claims disallowed.