PER CURIAM:
The claimant, James Corbin Perine, seeks an award of $211.95 from the respondent, Division of Highways, for damage to the control arm of his vehicle, a 1987 Cutlass Cierra S.
On February 3, 1994, at approximately 7:30 a.m., Mr. Perine was traveling on Chestnut Street in Clarksburg, Harrison County. As he proceeded through he intersection of Chestnut Street and West Pike Street, his vehicle made a loud cracking sound as its left front tire dropped into a large hole in the road. Mr. Perine continued driving the vehicle for approximately ten miles without any noticeable problems.
On February 4, 1994, Waltraud Paula Perine, the claimant’s wife, was driving the aforementioned vehicle on Route 50. Mrs. Perine drove the vehicle approximately ten miles prior to making a “quick” stop. After the brakes were applied, the vehicle became very difficult to steer, and Mrs. Perine knew something was wrong. She immediately drove the vehicle into the parking lot of a Midas repair shop. She discovered the left front tire was pinned against the body of the car. A mechanic at Midas determined the left front control arm on the vehicle was broken. As a result of the incident, Mr. Perine paid $211.95 to repair the vehicle. After the hearing, Mr. Perine provided the Court with an insurance document indicating he had full coverage automobile insurance with a $250.00 deductible provision.
Michael Anthony Scott, Harrison County Maintenance Supervisor for the respondent, was aware of several holes in the pavement at the intersection of Chestnut State and West Pike Street. Road crews repaired this area with cold mix patching material on January 28,1994. Prior to this time road crews were primarily engaged in snow removal and ice control.
Ben S avilla, a claim investigator for the respondent, examined the broken control arm. Mr. Savilla testified he was familiar with this type of control arm and how it operated. After examining the fracture in the control arm, Mr. Savilla expressed his opinion that the control arm had broken all at once rather than over a period of time.
The Court has consistently found that the existence of a road defect does not in and of itself establish negligence on behalf of the respondent. The claimant must establish that the alleged road defect was the proximate cause of his damage. The Court will not make an award based upon speculation. Charles v. Dept. of Highways, 16 Ct. Cl. 123 (1986).
*158 The claimant stated that he was aware of the defective condition of the road at the intersection of Chestnut Street and West Pike Street. His negligence in failing to drive in a reasonably careful manner was equal to or greater than any negligence on the part of the respondent.
The record in this case also reveals a unique situation involving a substantial amount of time between the road defect alleged to have caused the damages and the evidence of damages. Evidence presented by the respondent refuted the argument that this particular road defect causing the damages to claimant’s vehicle. After a careful review of all the evidence in this case, the Court has determined that it would be speculative to find that claimant’s vehicle was damaged when it struck the hole in the intersection, but the damage did not manifest itself until the vehicle was driven approximately twenty additional miles.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.